Case Nos. 15-1037 and 15-1192

## UNITED STATES COURT OF APPEAL FOR THE FEDERAL CIRCUIT

CASSIDIAN COMMUNICATIONS, INC.

Plaintiff-Appellant,

v.

MICRODATA GIS, INC., MICRODATA, LLC,
AND TELECOMMUNICATION SYSTEMS, INC.,

Defendants-Appellees.

*Appeal from the United States District Court for the Eastern District of Texas
in Case No. 2:12-cv-00162, Judge Rodney Gilstrap*

## PLAINTIFF-APPELLANT AIRBUS DS COMMUNICATIONS, INC.'S MOTION TO VACATE, SET ASIDE, OR REVERSE THE DISTRICT COURT'S INVALIDITY JUDGMENT, OR IN THE ALTERNATIVE, FOR A LIMITED REMAND AND STAY OF THE APPEAL UNTIL A COURT DECISION IS MADE

Dated:   January 13, 2015

Henry C. Bunsow (SBN 60707)
Denise M. De Mory (SBN 168076)
Matthew F. Greinert (SBN 239492)
BUNSOW, DE MORY, SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
hbunsow@bdiplaw.com
ddemory@bdiplaw.com
mgreinert@bdiplaw.com

## TABLE OF CONTENTS

**Page**

I.    PROCEDURAL HISTORY .............................................................2

II.   LEGAL BASIS FOR THE RELIEF SOUGHT .............................6

    A.    Section 256 of the Patent Act Provides That A Patent
        Shall Not Be Found Invalid If An Inventorship Error Can
        Be Corrected. ...........................................................................6

    B.    28 U.S.C. Section 2106 Authorizes The Federal Circuit
        To Vacate, Set Aside, or Reverse the Invalidity
        Judgment. .................................................................................7

    C.    Vacatur Of The Invalidity Judgment Pursuant To Federal
        Rule Of Civil Procedure 60(b) Is Appropriate. .....................8

III.  ARGUMENT .............................................................................10

    A.    The Court Should Vacate The Invalidity Judgment
        Because The Facts Supporting It Have Changed. ................10

    B.    A Limited Remand Is Appropriate Should The Federal
        Circuit Decide Not To Vacate the Invalidity Judgment
        Itself. .....................................................................................12

    C.    Irrespective Of Which Court Decides Airbus DS's
        Vacatur Request, The Appeal Should Be Stayed Pending
        A Court Decision. ..................................................................13

# TABLE OF AUTHORITIES

<u>Page</u>

## CASES

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*,
 988 F.2d 1157 (Fed. Cir. 1993) ..........................................................................14

*Camreta v. Greene*,
 131 S. Ct. 2020 (2011) ......................................................................................8

*Cook v. Birmingham News*,
 618 F.2d 1149 (5th Cir. 1980) .........................................................................9

*Halliburton Energy Servs. v. NL Indus.*,
 618 F. Supp. 2d 614 (S.D. Tex. 2009) .............................................................9

*Harrell v. DCS Equipment Leasing Corp.*,
 951 F.2d 1453 (5th Cir. 1992) .........................................................................10

*Hess v. Advanced Cardiovascular Sys., Inc.*,
 106 F.3d 976 (Fed. Cir. 1997)..........................................................................14

*Nichols Institute Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*,
 218 F. Supp. 2d 1243 (S.D. Cal. 2002) ............................................................14

*Pannu v. Iolab Corp.*,
 155 F.3d 1344 (Fed. Cir. 1998)........................................................................4

*Roche Palo Alto LLC v. Ranbaxy Labs. Ltd.*,
 551 F. Supp. 2d 349 (D.N.J. 2008) ..................................................................7, 10

*Rufo v. Inmates of Suffolk County Jail*,
 502 U.S. 367 (1992) ..........................................................................................9

*S.E.C. v. Lewis*,
 423 F. Supp. 2d 337 (S.D.N.Y. 2006)...............................................................11

*Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*,
 859 F.2d 878 (Fed. Cir. 1988)..........................................................................8

*United States v. Swift & Co.*,
   286 U.S. 106 (1932) ..................................................................................9

*Univ. of W. Va. v. VanVoorhies*,
   342 F.3d 1290 (Fed. Cir. 2003) ...............................................................8

*Winbond Elecs. Corp. v. ITC*,
   262 F.3d 1363 (Fed. Cir. 2001) ..........................................................7, 10

*Yesh Music v. Lakewood Church*,
   727 F.3d 356 (5th Cir. 2013) ..................................................................10

**RULES**

Fed. R. App. P. 4(a)(1)(A) .............................................................................5

Fed. R. App. P. 4(a)(4) ..................................................................................5

Fed. R. Civ. P. 60(b) ...........................................................................1, 5, 8, 9

Fed. R. Civ. P. 60(b)(5) ..............................................................................9, 11

Fed. R. Civ. P. 60(b)(6) ............................................................................10, 11

Fed. R. Civ. P. 62 ...........................................................................................5

**STATUTES**

28 U.S.C. § 1295(a)(1) ..................................................................................1

28 U.S.C. § 2106 .......................................................................................1, 7

35 U.S.C. § 102(a) ........................................................................................3

35 U.S.C. § 102(f) ................................................................................3, 5, 10

35 U.S.C. § 256 ...........................................................................................14

35 U.S.C. § 256(a) ........................................................................................6

35 U.S.C. § 256(b) ........................................................................................6

## OTHER AUTHORITIES

11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §
2863, at 205 (1973) ................................................................................................9

Plaintiff-Appellant Airbus DS Communications, Inc.[1] ("Airbus DS") hereby brings this motion to vacate, set aside, or reverse the district court's judgment of invalidity of claims of U.S. Patent No. 6,744,858 ("'858") (Dkt. No. 176) pursuant to 28 U.S.C. § 2106 and Federal Rule of Civil Procedure 60(b).  At trial, the jury found the asserted claims of the '858 patent to be invalid for failure to name a co-inventor; a judgment of invalidity was entered and sustained on this basis. Section 256 of the Patent Act provides that:  "[t]he error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section."  Section 256 also provides that the Director of the United States Patent and Trademark Office ("USPTO") may, on application of all the parties and assignees, issue a certificate correcting such error.  The Director of the USPTO has now issued a Certificate of Correction naming the omitted co-inventor.  Accordingly, as a matter of law and equity the district court's invalidity judgment should no longer stand.  The judgment is instead subject to vacatur, setting aside, or reversal pursuant to 28 U.S.C. § 2106 and/or vacatur pursuant to Fed. R. Civ. P. 60(b).  This court has jurisdiction pursuant to 28 U.S.C. Section 1295(a)(1).

---

[1] Plaintiff-Appellant Airbus DS was formerly known as Cassidian Communications, Inc. ("Cassidian") during the underlying district court case. In August 2014, Cassidian changed its corporate name to Airbus DS Communications, Inc.

## I.    PROCEDURAL HISTORY

The parties have not filed their briefs, and no opinions have been rendered in this appeal.  A favorable decision on this motion by the Federal Circuit, or on the pending motion before the district court, will dispose of both the appeal and the underlying district court action.[2]

A jury trial began in the district court on December 16, 2013.  During trial, the district court granted Airbus DS's Rule 50(a) motions for judgment as a matter of law that the asserted claims of the '858 patent: (1) are not indefinite; (2) are not obvious; and (3) that none of the asserted dependent claims are anticipated.  (Dkt. No. 201 at 2.)  On December 20, 2013, the jury reached and returned its unanimous verdict.  The jury found the asserted claims of the '858 patent invalid.  Thus, on January 3, 2014, the district court ordered and entered judgment that asserted claims 1, 3, 4, 5, 6, 7, 8, 12, 13 and 14 of the '858 patent are invalid.  (Dkt. No. 176.)[3]

On January 31, 2014, Airbus DS filed a Renewed Motion for Judgment as a Matter of Law or a New Trial ("JMOL Motion").  (Dkt. No. 184.)  Airbus DS's

---

[2] If this Motion is granted, AirBus DS will not appeal any other aspect of the underlying judgment and will agree to dismiss the appeal as well as the underlying action with prejudice.

[3] The Court's judgment also included separate judgments that Defendant-Appellee microDATA did not directly or indirectly infringe, and that Defendant-Appellee TeleCommunication Systems, Inc. did not indirectly infringe, any asserted claim of the '858 patent.  Airbus DS is not challenging the non-infringement judgments.

JMOL Motion argued that the jury's invalidity verdict was not supported by the evidence for each of their three remaining invalidity defenses: (1) anticipation pursuant to 35 U.S.C. Section 102(a)/(e); (2) lack of written description or enablement pursuant to 35 U.S.C. Section 112; and (3) improper inventorship pursuant to 35 U.S.C. Section 102(f). Defendants'-Appellees' anticipation defense relied on three references: U.S. Patent No. 6,697,858 ("Ezerzer"), U.S. Patent No. 6,587,545 ("Antonucci"), and a publication titled "Telecommunications Security Guidelines for Telecommunications Management Network" ("TSG"). Airbus DS's JMOL Motion established that the evidence presented at trial failed to prove that any one of those three references anticipated any claim of the '858 patent.

On August 8, 2014, the district court issued its Memorandum and Opinion deciding Airbus DS's JMOL Motion. (Dkt. No. 201.) The district court agreed with Airbus DS, and held that neither Ezerzer nor Antonucci qualifies as prior art to the '858 patent.[4] (*Id.* at 16.) The district court further held that no reasonable jury could have found that the TSG reference anticipated either claim 1 or 3 of the '858 patent. (*Id.* at 20-21.) The district court granted Airbus DS's motions for

---

[4] Earlier in 2014, the USPTO had reached the same decision concerning the inapplicability of the Ezerzer and Antonucci references during a second reexamination of the '858 patent's claims. On April 3, 2014 the USPTO issued a second Ex Parte Reexamination Certificate confirming the patentability of claims 1-14 of the '858 patent with no amendments. [Second Ex Parte Reexamination Certificate; Exhibit A.]

judgment as a matter of law that Defendants'-Appellees' anticipation defenses had failed.  (*Id.* at 16, 21.)

Airbus DS's JMOL Motion also established that Defendants-Appellees had failed to present enough evidence for any reasonable jury to conclude that the '858 patent lacks sufficient written description or enablement.  (*See* Dkt. No. 184 at 23-28.)  The district court again agreed with Airbus DS, and held as a matter of law that Defendants'-Appellees' Section 112 defenses had also failed.  (Dkt. No. 201 at 24.)

Airbus DS's JMOL Motion further argued that Defendants-Appellees had failed to prove that Mr. William R. Whitehurst should be named as a third co-inventor on the '858 patent.  (Dkt. No. 184 at 7-12.)  The district court did not agree with Airbus DS and denied Airbus DS's motion for judgment as a matter of law.  (Dkt. No. 201 at 11.)  But, the district court's opinion noted that if "a patentee demonstrates that inventorship can be corrected as provided for in Section 256, **a district court must order correction of the patent, thus saving it from being rendered invalid**."  (*Id.* at 11, n.3 (quoting *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998) (emphasis added)).)  In view of the district court's rulings on Airbus DS's various JMOL Motions—finding all other of Defendants'-Appellees' invalidity defenses had failed—the sole ground on which the district court's

invalidity judgment stands is improper inventorship pursuant to 35 U.S.C. Section 102(f).  (*See* Dkt. No. 201 at 24.)

On August 26, 2014, Airbus DS filed a Motion to Correct Inventorship of U.S. Patent No. 6,744,858 According to 35 U.S.C. § 256 and Federal Rule of Civil Procedure 60(b) Motion to Vacate the Judgment that Claims of the Patent Are Invalid ("Motion to Correct").  (Dkt. No. 206.)  Defendants-Appellees opposed the motion, and the parties completed briefing on September 29, 2014.

Airbus DS originally had until September 7, 2014 to file a notice of appeal.[5] (Fed. R. App. P. 4(a)(1)(A) and 4(a)(4).)  Airbus DS moved for a 30-day extension to file its notice, which the district court granted on September 5, 2014.  (Dkt. No. 208.)  Accordingly, October 7, 2014 became the new deadline.  (*Id.*)  As of the close of business on October 6, 2014, the district court had made no decision concerning Airbus DS's Motion to Correct.  Thus, Airbus DS filed its notice of appeal that evening.  (Dkt. No. 213.)  Defendants-Appellees did not file any cross-appeal and their deadline to do so has passed.

Recognizing that the district court no longer had jurisdiction to grant Airbus DS's Motion to Correct, on October 16, 2014, Airbus DS filed a Motion for an Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.  (Dkt. No. 216.) Defendants-Appellees again opposed the motion.  On November 5, 2014, the

---

[5] The actual deadline was September 8, 2014 because September 7, 2014 was a Sunday.

district court issued an order denying Airbus DS's Motion for an Indicative Ruling. (Dkt. No. 218.)  The district court noted that it "defers ruling" on Airbus DS's Motion to Correct.  (*Id*. at 3.)

On August 29, 2014 Airbus DS also submitted a petition to the USPTO to correct inventorship on the '858 patent by adding Mr. Whitehurst as an inventor on the patent.  On November 5, 2014, the USPTO issued a notification that it had granted Airbus DS's petition to correct.  [USPTO Notice that Petition to Correct Inventorship Granted; Exhibit B.]  The USPTO issued a Certificate of Correction adding Mr. Whitehurst as a named co-inventor of the '858 patent on January 6, 2015.  [USPTO Certificate of Correction; Exhibit C.]

## II.    LEGAL BASIS FOR THE RELIEF SOUGHT

### A.    Section 256 of the Patent Act Provides That A Patent Shall Not Be Found Invalid If An Inventorship Error Can Be Corrected.

Section 256(b) of the Patent Act is titled "Patent Valid if Error Corrected." (35 U.S.C. § 256(b).)  Section 256 states that "[t]he error of omitting inventors…**shall not invalidate the patent** in which such error occurred if it can be corrected as provided in this section."  (35 USC § 256(b) (emphasis added).) Section 256(a) provides that "the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error."  (35 U.S.C. § 256(a).)  Thus, the Director is given discretion pursuant to Section 256 to correct inventorship of a patent.

Further pursuant to Section 256, if the Director issues a certificate correcting an

inventorship error, the patent is then considered valid.

A certificate of correction has retroactive effect.  *See Winbond Elecs. Corp.

v. ITC¸* 262 F.3d 1363, 1373 (Fed. Cir. 2001), *corrected opinion at* 2001 U.S. App.

LEXIS 25113 (stating "[i]ncorrect inventorship is a technical defect in a patent that

may be easily curable" and finding a party properly corrected inventorship at the

USPTO and returned to the ITC to enforce the patent against an infringer) (citation

omitted); *see also Roche Palo Alto LLC v. Ranbaxy Labs. Ltd.*, 551 F. Supp. 2d

349, 358-59 (D.N.J. 2008) (collecting federal cases giving retroactive effect to

certificate correcting inventorship pursuant to Section 256).  Thus, once corrected,

the correction is effective retroactive to the filing of the underlying patent

application.

### B.    28 U.S.C. Section 2106 Authorizes the Federal Circuit to Vacate, Set Aside, or Reverse the Invalidity Judgment.

Section 2106 of Chapter 28 U.S.C. is titled "Determination" and states:

> The Supreme Court or any other court of appellate
> jurisdiction may affirm, modify, vacate, set aside or
> reverse any judgment, decree, or order of a court lawfully
> brought before it for review, and may remand the cause
> and direct the entry of such appropriate judgment, decree,
> or order, or require such further proceedings to be had as
> may be just under the circumstances.  (28 U.S.C. § 2106.)

Pursuant to Section 2106, this court of appellate jurisdiction is empowered

to vacate, set aside, or reverse a district court's judgment to reach a just result.  The

Federal Circuit has also invoked Section 2106 to resolve issues before it that are ripe for decision without remand. *See, e.g.*, *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 891 (Fed. Cir. 1988) (reversing district court's non-infringement judgment and resolving unenforceability issues not considered by district court). While setting aside or reversing the district court's invalidity judgment are viable options here, vacatur provides the simplest option to effect the relief sought via this motion. *See Camreta v. Greene*, 131 S. Ct. 2020, 2035 (2011) ("Vacatur rightly strips the decision below of its binding effect….") (citation and internal quotation marks omitted).

### C.     Vacatur of the Invalidity Judgment Pursuant to Federal Rule of Civil Procedure 60(b) Is Appropriate.

Rule 60(b) provides at least two grounds for vacatur relevant to the relief Airbus DS seeks. Because Rule 60(b) involves procedural matters not exclusive to the Federal Circuit, the Federal Circuit may look to Fifth Circuit precedent for support. *See Univ. of W. Va. v. VanVoorhies*, 342 F.3d 1290, 1294 (Fed. Cir. 2003) (applying Fourth Circuit law in review of Rule 60 motion).

Rule 60(b) provides in relevant part:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (5)…applying [the judgment] prospectively is no longer equitable; or

(6) any other reason that justifies relief.  (Fed. R. Civ. P. 60(b).

Rule 60(b)(5) applies only to judgments that have prospective effect "as contrasted with those that offer a present remedy for a past wrong." *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980), quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2863, at 205 [(1973)].  As Justice Cardozo has explained:

> The distinction is between restraints that give protection to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative.
> *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) (*overruled on other grounds by Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992)).

A declaratory judgment qualifies as having prospective effect, particularly where its impact is continuing. *See Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 650 (S.D. Tex. 2009) (citations omitted)*.*  Moreover, a significant change in operative facts is enough for a court to find relief appropriate pursuant to Rule 60(b)(5).  *See Rufo,* 502 U.S. at 384; *see also Halliburton*, 618 F. Supp. 2d at 650 ("In reviewing a request for relief under Rule 60(b)(5) …We are asking ourselves whether anything has happened that will justify us now in changing a decree.") (citations omitted).

The Fifth Circuit considers Rule 60(b)(6) "a grand reservoir of equitable power to do justice in a particular case." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (citation omitted).  The Fifth Circuit further considers a court's discretion pursuant to Rule 60(b)(6) to be "especially broad" because a court may grant relief under the Rule whenever "appropriate to accomplish justice." *Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992).  Nonetheless, a court's power to grant Rule 60(b) relief is not unbridled, and instead is reserved for use in cases where "extraordinary circumstances" are present.  *Yesh*, 727 F.3d at 363 (citation omitted).

## III.  ARGUMENT

### A.  The Court Should Vacate the Invalidity Judgment Because the Facts Supporting It Have Changed.

Now that the USPTO has corrected inventorship for the '858 patent there is no valid reason for the invalidity judgment to stand uncorrected.  The district court found as a matter of law that every other one of Defendants'-Appellees' challenges to the validity of the '858 patent's claims raised in the course of the underlying action and at trial have failed but for Section 102(f).  Moreover, the USPTO's Certificate of Correction is given retroactive effect and obtaining it is the proper means for overcoming the inventorship issue.  *Winbond*¸ 262 F.3d 1363, *corrected opinion at* 2001 U.S. App. LEXIS 25113; *see also Roche Palo Alto*, 551 F. Supp. 2d at 358-59.  Airbus DS has corrected the sole technical defect in the '858 patent.

Thus, there are exceptional circumstances in this case that warrants vacatur of the district court's invalidity judgment. This Court may reach that conclusion applying either Rule 60(b)(5) or 60(b)(6).

Pursuant to Rule 60(b)(5), the invalidity judgment applies prospectively and it is no longer fair to enforce. If the '858 patent's claims are now deemed valid— for which there is no reasonable argument that they are not—equity favors vacating a prior judicial determination that the claims are not valid because it is now not true.

AirBus DS has several existing licensees to the '858 patent. A publicly-available judgment of the invalidity of the '858 patent's claims negatively affects Airbus DS's present licenses to the '858 patent and Airbus DS's ability to license the patent in the future. That impact is continuing so long as the judgment based on facts that have now changed stands uncorrected. Adding Mr. Whitehurst as a co-inventor cures the sole reason for invalidity. The USPTO has agreed that the correction is appropriate, and has made it. Under these circumstances, the Court should vacate the judgment of the invalidity of the '858 patent's claims pursuant to Rule 60(b)(5).

In the alternative, the Court may exercise its especially broad discretion under Rule 60(b)(6) to vacate the judgment. *See, e.g., S.E.C. v. Lewis*, 423 F. Supp. 2d 337, 341 (S.D.N.Y. 2006) (vacating injunction under Rule 60(b)(6) where

operative facts had significantly changed since injunction ordered). Because the USPTO has corrected the only defect in the '858 patent, the prior judgment of invalidity is no longer accurate. That is an extraordinary circumstance. An inaccurate judgment should not stand in the public record. Thus, this Court should vacate the judgment pursuant to Rule 60(b)(6).

**B.     A Limited Remand Is Appropriate Should the Federal Circuit Decide Not to Vacate the Invalidity Judgment Itself.**

The district court issued its ruling on Airbus DS's Motion for an Indicative Ruling before the district court was aware that the USPTO had decided to grant Airbus DS's petition to correct inventorship. Thus, the district court did not have the benefit of considering the USPTO's decision. Should the Federal Circuit decide for any reason that the district court should instead consider this change in operative facts, Airbus DS respectfully requests a limited remand to the district court for deciding Airbus DS's pending Rule 60 motion after now having the benefit of the USPTO's decision. No new trial is required. No further briefing or hearing is required. The district court is fully equipped to make a decision on Airbus DS's Rule 60 motion should the Federal Circuit decide not to do so. The district court has simply deferred a ruling, presumably to allow this Court or the USTPO to consider the issue first.

**C.    Irrespective of Which Court Decides Airbus DS's Vacatur Request, the Appeal Should Be Stayed Pending A Court Decision.**

Irrespective of whether the Federal Circuit vacates the district court's invalidity judgment, or if a limited remand is ordered, Airbus DS respectfully request that the Federal Circuit stay the appeal to allow for a court's determination of Airbus DS's vacatur request.  If the district court's invalidity judgment is vacated, Airbus DS will dismiss both this appeal and the underlying district court case with prejudice.  Thus, the parties should not need to allocate time, effort, and expenses towards the appeal unless and until a decision on Airbus DS's vacatur request is reached.  If it is a favorable one, then there will be nothing further for the parties to do but file dismissals.  If it is an unfavorable one, Airbus DS can consider its options in view of the decision and maintain an appeal that is fully ripe for review where no issues remain to be decided by the district court.  For these reasons, Airbus DS respectfully requests that in any event the appeal of this matter and the briefing schedule be stayed until a court decides Airbus DS's vacatur request.

On November 25, 2014, counsel for Plaintiff-Appellant and counsel for Defendants-Appellees spoke via telephone concerning Plaintiff-Appellant's intent

to file this motion.  Counsel for Defendants-Appellees indicated at that time that

Defendants-Appellees object to this motion and may file a response.[6]

_____

[6] Plaintiff-Appellant expects Defendants-Appellees will respond with a number of dismissible arguments.  As an initial matter, Defendants-Appellees have no standing to object to correction.  *See Nichols Institute Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*, 218 F. Supp. 2d 1243, 1251 (S.D. Cal. 2002) ("An alleged infringer is not a necessary party to a motion for correction under § 256.").  Despite that fatal shortcoming, Defendants-Appellees may assert that correction is improper because the true inventors are still unknown, Airbus DS waited too long to correct, or that Airbus DS's motivation is improper.  But Defendants-Appellees never claimed any other defect in inventorship before the verdict, and are estopped from raising this claim now.  *See Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997) ("The inventors as named in an issued patent are presumed to be correct.").  Moreover, there is no deadline for correcting inventorship.  *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1162 (Fed. Cir. 1993) ("[I]nventorship may be corrected at any time, whether by direct application to the Commissioner or by the court.").  And, finally, Airbus DS's intent is irrelevant.  The pre-America Invents Act version of 35 U.S.C. Section 256 precludes correction only where an unnamed inventor was not omitted in error due to the deceptive intent of the unnamed inventor.  35 U.S.C. § 256 (2011).  Airbus DS sufficiently demonstrated to the USPTO Commissioner that Mr. Whitehurst was erroneously not originally named as an inventor through no deceptive intent of his own.

Respectfully Submitted,


Dated: January 13, 2015                    By: *Denise M. De Mory*
                                           Henry C. Bunsow (SBN 60707)
                                           Denise M. De Mory (SBN 168076)
                                           Matthew F. Greinert (SBN 239492)
                                           BUNSOW, DE MORY, SMITH & ALLISON LLP
                                           351 California Street, Suite 200
                                           San Francisco, CA 94104
                                           Telephone: (415) 426-4747
                                           Facsimile: (415) 426-4744
                                           hbunsow@bdiplaw.com
                                           ddemory@bdiplaw.com
                                           mgreinert@bdiplaw.com

                                           Counsel for Plaintiff/Appellant,
                                           CASSIDIAN COMMUNICATIONS, INC.,
                                           NOW KNOWN AS AIRBUS DS
                                           COMMUNICATIONS, INC.

# CERTIFICATE OF INTEREST

Counsel for the Plaintiff/Appellant, CASSIDIAN COMMUNICATIONS, INC. certify the following:

1.    The full name of every party or amicus represented by me is:

   *Airbus DS Communications, Inc. f/k/a Cassidian Communications, Inc.*

2.    The name of the real party in interest represented by me is:

   *Airbus DS Communications, Inc.*

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

   *Airbus DS Communications, Inc., is wholly owned by Plant Holdings, Inc., a Delaware corporation. Plant Holdings, Inc. is wholly owned by Airbus Defense and Space Holdings, Inc., a Delaware corporation. Airbus Defense and Space Holdings, Inc. is wholly owned by Airbus Group, Inc., a Delaware corporation. Airbus Group, Inc. is wholly owned by Airbus Group, N.V., a publicly traded Netherlands corporation.*

4.    The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or agency or are expected to appear in this court are:

   Henry C. Bunsow (Partner), Denise M. De Mory (Partner) and
   Matthew F. Greinert (Counsel) of
   BUNSOW, DE MORY, SMITH & ALLISON LLP
   351 California Street, Suite 200
   San Francisco, CA 94104


Dated: January 13, 2015                    */s/ Denise D. De Mory*
                                           Denise D. De Mory (SBN 168076)
                                           COUNSEL FOR PLAINTIFF/ APPELLANT

Form 30

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on
by:

January 13, 2015

☐ US mail
☐ Fax
☐ Hand
☒ Electronic Means
   (by email or CM/ECF)

Denise De Mory

Name of Counsel

/s/ Denise De Mory

Signature of Counsel

Law Firm    Bunsow De Mory Smith & Allison LLP

Address    600 Allerton Street, Suite 101

City, State, ZIP    Redwood City, CA 94063

Telephone Number    650-351-7248

FAX Number    650-351-7253

E-mail Address    ddemory@bdiplaw.com

NOTE: For attorneys filing documents electronically, the name of the filer
under whose log-in and password a document is submitted must be preceded
by an "/s/" and typed in the space where the signature would otherwise appear.
Graphic and other electronic signatures are discouraged.