No. 15-1037

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

## CASSIDIAN COMMUNICATIONS, INC.,

*Plaintiff-Appellant,*

**v.**

## microDATA GIS, Inc.,

*Defendant- Appellee.*

---

Appeal from the United States District Court for the Eastern District of Texas in Case No. 2:12-CV-00162, Judge Rodney Gilstrap

---

## MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF

---

Pursuant to Federal Circuit Rule 26(b), Appellees microDATA GIS, Inc., microDATA, LLC, and TeleCommunication Systems, Inc. (collectively, "Appellees") move to extend the due date for their response to Plaintiff-Appellant Airbus DS Communications, Inc.'s ("Appellant") Motion to Vacate, Set Aside, or Reverse the District Court's Invalidity Judgment, or in the Alternative, for a Limited Remand and Stay of the Appeal Until a Court Decision is Made (the "Response").

1.    Appellees have informed all other parties that they will seek an extension.

2.    Appellants have not agreed to the extension and may file a response.

3.    The current due date for the Response is January 26, 2015; the revised date sought is March 18, 2015; the number of days of extension sought is 52; the total number of days of extension previously granted to the movant is zero.

4.    This motion is accompanied by a declaration of counsel pursuant to Federal Circuit Rule 26(b)(5) showing good cause for an extension request of more than 14 days. *See* Declaration of Sid V. Pandit (Ex. 1 to Motion).

DATED: January 16, 2015                 microDATA GIS, Inc., microDATA, LLC
                                        and TeleCommunication Systems, Inc.

                                        Respectfully submitted,

                                        */s/ Sid V. Pandit*
                                        Edward A. Pennington
                                        Stephanie D. Scruggs
                                        Sid V. Pandit
                                        Sean T. C. Phelan
                                        John P. Pennington
                                        SMITH, GAMBRELL & RUSSELL, LLP
                                        1055 Thomas Jefferson Street, NW
                                        Suite 400
                                        Washington, D.C. 20007
                                        Tel: 202-263-4300
                                        Fax: 202-263-4329
                                        Email: epennington@sgrlaw.com
                                        Email: sscruggs@sgrlaw.com
                                        Email: spandit@sgrlaw.com
                                        Email: sphelan@sgrlaw.com
                                        Email: jpennington@sgrlaw.com

                                        *Counsel for Appellees microDATA GIS, Inc.,
                                        microDATA, LLC, and TeleCommunication
                                        Systems, Inc.*

**MOTION FOR EXTENSION OF TIME
TO FILE RESPONSE BRIEF**


**EXHIBIT 1
DECLARATION OF SID V. PANDIT**

# Declaration of Sid V. Pandit

I, Sid V. Pandit, declare the following:

1.    I am a partner of the law firm of Smith, Gambrell, & Russell, LLP, counsel of record for microDATA GIS, Inc., microDATA, LLC, and TeleCommunication Systems, Inc. ("Appellees"), a member of the Bar of the Commonwealth of Virginia, admitted to practice before this Court, I have personal knowledge of the facts contained in this declaration, and, if called upon to do so, I could and would testify competently thereto.

2.    I make this declaration pursuant to Federal Circuit Rule 26(b)(5) to demonstrate that good cause exists for a request of extension of time exceeding 14 days.

3.    On December 20, 2014, a jury in the underlying case found U.S. Patent No. 6,744,858 (the "'858 Patent") invalid for, *inter alia*, improper inventorship. (*See* Ex. 1).

4.    On January 31, 2014, Airbus DS Communications, Inc., formerly known as Cassidian Communications, Inc., ("Airbus") filed a Renewed Motion for JMOL or a New Trial.

5.    On August 08, 2014, in resolving the parties' post-trial motions, the district court upheld the jury verdict of invalidity solely on the ground of improper inventorship finding "that a verdict of improper inventorship [wa]s not against 'the

great weight of the evidence.'" *See* Ex. 2 at 2 Fn. 1 (Order denying Rule 62.1 Motion).

6.    October 06, 2014, Appellant appealed the jury verdict of invalidity for improper inventorship to this Court (Court of Appeals Docket No. 2015-1037).

7.    On October 16, 2014, Airbus filed a motion for an indicative ruling with the district court requesting that the Court add Mr. William Whitehurst as an inventor of the '858 patent and vacate the underlying verdict that the '858 patent is invalid.

8.    On November 05, 2014, the district court denied Airbus's motion for an indicative ruling requesting that the district court add Mr. William Whitehurst as an inventor of the '858 patent and vacate the underlying verdict that the '858 patent is invalid.

9.    In its opinion denying Airbus' Motion for an Indicative Ruling, the district court noted that "Prior to [Airbus]'s Inventorship Motion—in prior testimony, at trial, and in post-trial briefing)—Cassidian disputed Mr. Whitehurst's inventorship." *See* Ex. 2 at 2.

10.    On November 26, 2014, Airbus appealed the denial of its motion for an indicative ruling requesting that the district court add Mr. William Whitehurst to the '858 patent and vacate the underlying verdict that the '858 patent is invalid (Appeal Docket No. 2015-1192).

11.    On the same day, Airbus filed a motion for a 60-day extension of time to file appellant's opening brief, which was granted by this Court.

12.    On December 17, 2014, this Court consolidated Airbus' appeal of the jury verdict of invalidity for improper inventorship (Appeal Docket No. 2015-1037) with Airbus' appeal of its motion for an indicative ruling requesting that the district court add Mr. William Whitehurst to the '858 patent and vacate the underlying verdict that the '858 patent is invalid (Appeal Docket No. 15-1037) (the "Consolidated Appeal"). This Court set the deadline for Airbus' opening brief for the Consolidated Appeal as February 09, 2015, the deadline for Appellees response brief as March 23, 2015; and the deadline for Appellant's reply brief as April 06, 2015.

13.    On January 13, 2015, Airbus filed a motion to vacate the district court's invalidity judgment under 28 U.S.C. § 2106 ("Motion to Vacate") due to a certificate of correction issued by the United States Patent and Trademark Office that added Mr. Whitehurst as an inventor of the '858 patent.

14.    In denying Appellant's motion for an indicative ruling, the District Court noted that Appellant's position regarding inventorship contradicted its previous assertions denying that Mr. Whitehurst played a role in the inventorship of the '858 patent (*see* paragraph 9 above).  *See*, *e.g.,* Ex. 3 at 6-7 (Dkt. No. 18).

15.    The Consolidated Appeal and the Motion to Vacate both involve the same issue, *i.e.,* whether Mr. Whitehurst is an inventor of the '858 patent.

16.    The current deadline for Appellant's response to the Motion to Vacate is January 26, 2015.  The current deadline for Appellant's opening appeal brief in response to the Consolidated Appeal is March 23, 2015.

17.    To avoid having to address the same inventorship issues on two separate occasions, the Court's judicial resources can be conserved by extending the deadline for Appellant's response to Airbus' Motion to Vacate to March 23, 2015, which is the same deadline for Appellant's opening appeal brief in the Consolidated Appeal.  Permitting the briefing for Appellees response to the Motion to Vacate to occur simultaneously with the Consolidated Appeal will allow the inventorship issues to be addressed by the Court at the same time.


Executed this 16th day of January 2015, in Washington, D.C.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my information, knowledge, and belief.


*/s/ Sid V. Pandit*
Sid V. Pandit

4

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CASSIDIAN COMMUNICATIONS, INC. , <br><br> PLAINTIFF, <br><br> V. <br><br> MICRODATA GIS, INC., MICRODATA, LLC, AND TELECOMMUNICATION SYSTEMS, INC., <br><br> DEFENDANTS. | CIVIL ACTION NO. 2:12-CV-162-JRG <br><br> JURY TRIAL REQUESTED |

## VERDICT FORM

In answering these questions, you are to follow all of the instructions I have given you in the Court's charge. As used herein, "microDATA" means microDATA GIS, Inc. and microDATA, LLC. As used herein, "TCS" means TeleCommunication Systems, Inc.

**Question No. 1:**

Did Cassidian prove by a preponderance of the evidence that microDATA directly infringed the following claims of the '858 patent?

**Answer YES or NO for each claim.**

### microDATA

Claim 1 _NO_    Claim 7 _NO_

Claim 6 _NO_    Claim 8 _NO_

1

**Question No. 2:**

Did Cassidian prove by a preponderance of the evidence that the following Defendants indirectly infringed the following claims of the '858 patent?

**Answer YES or NO for each claim and for each Defendant.**

### microDATA

Claim 1 _NO_        Claim 7 _NO_

Claim 3 _NO_        Claim 8 _NO_

Claim 4 _NO_        Claim 12 _NO_

Claim 5 _NO_        Claim 13 _NO_

Claim 6 _NO_        Claim 14 _NO_

### TCS

Claim 3 _NO_        Claim 12 _NO_

Claim 4 _NO_        Claim 13 _NO_

Claim 5 _NO_        Claim 14 _NO_

2

**Question No. 3:**

ANSWER QUESTION NO. 3 IF YOU ANSWERED "YES" FOR ANY OF THE CLAIMS LISTED IN EITHER QUESTION NO. 1 OR QUESTION NO. 2; OTHERWISE, DO NOT ANSWER QUESTION NO. 3.

3.A  If you have found that Defendant microDATA infringed one or more of the asserted claims of the '858 patent, did Cassidian prove by clear and convincing evidence that Defendant microDATA's infringement was willful?

**Answer YES or NO**_____

3.B  If you have found that Defendant TCS infringed one or more of the asserted claims of the '858 patent, did Cassidian prove by clear and convincing evidence that Defendant TCS's infringement was willful?

**Answer YES or NO**_____

## Question No. 4:

Do you find that Defendants have proven by clear and convincing evidence that any of the following claims are invalid?

**Answer YES or NO for each claim.**

| | |
|---|---|
| Claim 1 _Yes_ | Claim 7 _Yes_ |
| Claim 3 _Yes_ | Claim 8 _Yes_ |
| Claim 4 _Yes_ | Claim 12 _Yes_ |
| Claim 5 _Yes_ | Claim 13 _Yes_ |
| Claim 6 _Yes_ | Claim 14 _Yes_ |

**Question No. 5:**

ANSWER QUESTION NO. 5 IF YOU HAVE FOUND AT LEAST ONE CLAIM LISTED IN EITHER QUESTION NO. 1 OR QUESTION NO. 2 HAVE BEEN INFRINGED AND ARE NOT INVALID; OTHERWISE, DO NOT ANSWER QUESTION NO. 5.

What sum of money, if paid now, do you find by a preponderance of the evidence would fairly and reasonably compensate Cassidian for Defendants' infringement?

$ _____

Signed this *20th* day of *December*, 201*3*.

_____
JURY FOREPERSON

5

**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CASSIDIAN COMMUNICATIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-CV-162-JRG |
| | § | |
| MICRODATA GIS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Cassidian Communication, Inc.'s Motion for an Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1 (Dkt. No. 216, filed October 16, 2014.) For the reasons discussed below, the Court DENIES Cassidian's Motion (Dkt. No. 216) for an indicative ruling that the Court will grant an earlier Cassidian motion.

## APPLICABLE LAW

Federal Rule of Civil Procedure ("F.R.C.P") 62.1 provides for an "Indicative Ruling on a motion for Relief that is Barred by a Pending Appeal":

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

(c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

F.R.C.P. § 62.1 (2012).

## DISCUSSION

Cassidian's Motion seeks an indicative ruling under F.R.C.P. § 62.1 that the Court will grant Cassidian's Motion to Correct Inventorship of U.S. Patent No. 6,744,858 According to Section 35 U.S.C. Section 256 and Federal Rule of Civil Procedure 60(b) Motion to Vacate the Judgment That Claims of the Patent Are Invalid (Dkt. No. 206, filed August 26, 2014) (hereinafter "Inventorship Motion"). Briefly, Cassidian's Inventorship Motion—filed after trial was completed and after all post-trial motions were resolved[1]—asks the Court to add a co-inventor—Mr. William Whitehurst—to the '858 patent and vacate the underlying verdict that the '858 patent is invalid. Prior to Cassidian's Inventorship Motion—in prior testimony, at trial, and in post-trial briefing)—Cassidian disputed Mr. Whitehurst's inventorship.

---

[1] In resolving the Parties' post-trial motions, the Court denied "Cassidian's motion for judgment as a matter of law that Defendants have failed to prove improper inventory of the '858 Patent," found "that a verdict of improper inventorship [wa]s not against 'the great weight of the evidence,'" and denied Cassidian's motion for a new trial on that basis. (*See* Dkt. No. 201 at 4-11.)

Having considered the Parties' briefing on Cassidian's Motion, the Court hereby defers ruling on Cassidian's Inventorship Motion under F.R.C.P. § 62.1(a)(1) and therefore DENIES Cassidian's Motion (Dkt. No. 216) for an indicative ruling that the Court will grant Cassidian's Inventorship Motion.

**So ORDERED and SIGNED this 5th day of November, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**EXHIBIT 3**

No. 15-1037

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

### CASSIDIAN COMMUNICATIONS, INC.,

*Plaintiff-Appellant,*

**v.**

### microDATA GIS, INC., MICRODATA LLC,
### TELECOMMUNICATIONS, INC.,

*Defendants- Appellees.*

---

Appeal from the United States District Court for the Eastern District of Texas in
Case No. 2:12-CV-00162, Judge Rodney Gilstrap

---

### Amended Motion to Reconsider Order

---

Pursuant to Rule of Practice 27(k) of the United States Court of Appeals for the Federal Circuit, Appellees microDATA GIS, Inc., microDATA, LLC, and TeleCommunication Systems, Inc. move the Court to reconsider its order granting Appellant's Motion for Extension of Time to file its Opening Brief.

## I.    Introduction

The Rules of Practice for the United States Court of Appeals for the Federal Circuit allow a movant to request an extension of time of more than fourteen (14) days if the request is accompanied by an affidavit or unsworn declaration of counsel showing good cause for the extension.[1] Appellant filed its opposed Motion for Extension ("Motion for Extension") on November 26, 2014. Prior to Appellees filing an opposition, the Court granted Appellant's motion on December 03, 2014. Accordingly, Appellees request that the Court reconsider its order granting Appellant's Motion for Extension for the reasons set forth below.

The declaration accompanying Appellant's Motion for Extension of Time offers two reasons for extending the deadline for the appeal brief: 1) the "procedural posture" of the case; and 2) the upcoming holidays. However, the original deadline for Appellant's motion was December 8, 2014, well before the holiday season. More importantly, however, Appellant's reference to the "procedural posture" of the case is a thinly-veiled reference to a baseless motion requesting relief barred by numerous legal and equitable doctrines.

Specifically, the obvious purpose of Appellant's Motion for Extension of Time is to avoid simultaneous briefing of the contradictory positions it has taken with respect to inventorship of the patent.  Indeed, in appealing the invalidity

---

[1] Federal Circuit Rule 26(b)(5).

2

verdict, Appellant must argue that inventorship is correct as listed on the face of the patent.  However, in its soon-to-be filed motion under 28 U.S.C. § 2106, Appellant must argue that inventorship is correct when a previously unnamed inventor is added to the list of inventors.  Because these facts were not before the Court when it granted Appellant's Motion for Extension of Time, Appellees request reconsideration of the Court's order under Rule of Practice 27(k) and entry of an order denying Appellant's Motion for Extension or, at a minimum, modification of the order once the Court receives the soon-to-be filed motion under 28 U.S.C. § 2106 so as to allow for simultaneous briefing.

## II.     Factual background

On December 20, 2013, the jury in the underlying case found U.S. Patent No. 6,744,858 ("the '858 patent") invalid.[2] The jury verdict form did not allow the jury to specify its basis for the invalidity finding, a format proffered by Appellant at trial.[3]  On August 08, 2014, in resolving the parties' post-trial motions, the district court upheld the jury verdict of invalidity solely on the ground of improper inventorship, finding "that a verdict of improper inventorship [wa]s not against 'the great weight of the evidence.'"[4] On August 26, 2014, after arguing emphatically for nearly two years that Mr. Ron Whitehurst (an unnamed inventor)

---

[2] Ex. 1 at 4.
[3] *Id.*
[4] Ex. 2 at 2, Fn. 1.

was not and could never have been an inventor of the '858 patent, Appellant

completely reversed its previous position and filed a motion to amend/correct

inventorship ("Motion to Correct") with the district court seeking to add Mr.

Whitehurst as an inventor in an attempt to vacate the jury verdict of invalidity.[5]

Appellant's Motion to Correct and its accompanying declarations cited the

jury verdict of invalidity for improper inventorship to support the addition of Mr.

Whitehurst to the patent.[6] Simultaneously, Appellant filed a Petition to Correct

Inventorship ("Petition") with the United States Patent and Trademark Office

("PTO"), which also referenced the jury verdict of invalidity for improper

inventorship as support.[7] Despite seeking to add Mr. Whitehurst as a named

inventor of the '858 patent at both the PTO and district court, Appellant filed its

Notice of Appeal on October 6, 2014. On November 5, 2014, the district court

denied a request from Appellant for an indicative ruling that the Court would grant

Appellant's Motion to Correct, noting that

> Cassidian's Inventorship Motion—filed after trial was completed and after
> all post-trial motions were resolved—asks the Court to add a co-inventor—
> Mr. William Whitehurst—to the '858 patent and vacate the underlying
> verdict that the '858 patent is invalid. Prior to Cassidian's Inventorship
> Motion—in prior testimony, at trial, and in post-trial briefing—Cassidian
> disputed Mr. Whitehurst's inventorship.[8]

---

[5] See Ex. 3.
[6] See Ex. 4.
[7] See Ex. 5.
[8] Ex. 2 at 2.

Having failed at the district court level, Appellant now seeks to use this Court as another avenue to try to salvage its invalid patent through the "corrected" inventorship.  By securing an extension of the deadline to file its appeal brief, Appellant will likely avoid having to simultaneously argue that the inventorship is correct (in the appeal brief) while it argues that inventorship was originally incorrect on the face of the patent (in its soon-to-be filed motion under 28 U.S.C. § 2106).

## III.    Argument

### a.    There is no basis for a motion under 28 U.S.C. § 2106

Appellant's request for extension of time is an artifice designed to stall these proceedings so that Appellant may spare itself from presenting this Court with the fatal contradictions inherent to its argument regarding inventorship. Appellant adopts completely contradictory and irreconcilable positions on appeal.  First, Appellant must challenge the jury verdict of invalidity for improper inventorship by arguing that the inventorship listed on the face of the '858 patent is correct.  At the same time, it will argue that the very same jury verdict of invalidity for improper inventorship supports a soon-to-be filed motion under 28 U.S.C. § 2106. The chicanery employed by Appellant should not be permitted.

As briefed fully by Appellees in the underlying case in response to Cassidian's Motion to Correct,[9] any relief requested by a motion under 28 U.S.C. § 2106 is barred by numerous legal and equitable doctrines. These reasons include, *inter alia*, laches, the doctrine of unclean hands, and, most importantly, the fact that the jury verdict renders the patent uncorrectable.[10] Moreover, Appellant does not and cannot offer any authority to support its assertion that the issuance of a certificate of correction by the PTO renders a duly entered jury verdict for improper inventorship null and void. Even assuming, *arguendo,* that a certificate could restore a patent's validity *after* a jury verdict, Appellant has no basis for asserting that the certificate in this case lists the correct inventors.

Indeed, contrary to the statements in Appellant's counsel's declaration[11], the district court did not determine that the patent was invalid for failure to include Mr. Whitehurst as a co-inventor.  Rather, as explained in the memorandum opinion denying Appellant's Motion for an indicative ruling, the district court ruled that the verdict of improper inventorship "[wa]s not against 'the great weight of the evidence.'"[12] Importantly, the district court did not endorse Appellant's position that the jury invalidated the '858 patent because Mr. Whitehurst was not named as

---

[9] *See* Cassidian Communications, Inc. v. MicroDATA GIS, Inc., Case No. 212: cv-00162-JRG Dkt Nos. 209, and 212 (E.D.Tx.)..
[10] *See id*.
[11] Ex. 6 at ¶ 6.
[12] Ex. 2.

an inventor, and neither the jury verdict form nor the district court's JMOL ruling

indicate the correct inventorship of the '858 patent.  As a result, the validity of the

'858 patent cannot be restored simply by adding Mr. Whitehurst because the jury

did not determine whether or not Mr. Ryan or Mr. Henry (the original named

inventors) were in fact properly listed.  The "procedural posture" of the case,

therefore, does not provide good cause to extend the deadline for Appellant's brief.

### b.    Appellant's original deadline is before the upcoming holidays

As briefly mentioned above, Appellant's reference to the "upcoming holiday

season" strains credulity because the due date for Appellant's brief was scheduled

for December 08, 2014.  Further, Appellant fails to specify how the upcoming

holiday season affects its ability to file its brief or which holidays are implicated in

this assertion. In any case, since the date appears more than one full week before

Hanukkah and more than two full weeks before Christmas and Kwanzaa, there is

no conceivable reason, let alone good cause, to extend the deadline due to the

"upcoming holidays."

### IV.    Conclusion

Appellant's motion for extension asks this Court to grant it two bites at the

apple before it has even taken its first. Put simply, Appellant seeks a briefing

schedule sufficient to allow it to argue that Mr. Whitehurst has been added as an

inventor, rendering the invalid patent valid.  But, if the Court does not agree with

Appellant's argument, Appellant seeks to pursue its diametrically opposite position that Mr. Whitehurst is not an inventor. This incongruous assertion mirrors the procedural gamesmanship employed by Appellant in its Motion to Correct filed at the district court. For these reasons, the Court should reconsider its order granting Appellant's Motion for Extension and enter an Order denying the requested relief or, at a minimum, a modification of the requested relief such that the briefing for the case on appeal and the motion under 28 U.S.C. § 2106 proceed simultaneously.

DATED: December 12, 2014          microDATA GIS, Inc., microDATA, LLC
                                  and TeleCommunication Systems, Inc.

                                  Respectfully submitted,

                                  */s/ Edward A. Pennington*
                                  Edward A. Pennington
                                  Stephanie D. Scruggs
                                  Sid V. Pandit
                                  Sean T. C. Phelan
                                  John P. Pennington
                                  SMITH, GAMBRELL & RUSSELL, LLP
                                  1055 Thomas Jefferson Street, NW
                                  Suite 400
                                  Washington, DC 20007
                                  Tel: 202-263-4300
                                  Fax: 202-263-4329
                                  Email: epennington@sgrlaw.com
                                  Email: sscruggs@sgrlaw.com
                                  Email: spandit@sgrlaw.com
                                  Email: sphelan@sgrlaw.com
                                  Email: jpennington@sgrlaw.com

                                  *Counsel for Appellees microDATA GIS, Inc.,*
                                  *microDATA, LLC, and TeleCommunication*
                                  *Systems, Inc.*

8

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| CASSIDIAN COMMUNICATIONS, INC. , <br><br> PLAINTIFF, <br><br> V. <br><br> microDATA GIS, INC., microDATA, LLC, AND TeleCommunication Systems, INC., <br><br> DEFENDANTS. | CIVIL ACTION NO. 2:12-CV-162-JRG <br><br> JURY TRIAL REQUESTED |

## <u>VERDICT FORM</u>

In answering these questions, you are to follow all of the instructions I have given you in the Court's charge.  As used herein, "microDATA" means microDATA GIS, Inc. and microDATA, LLC.  As used herein, "TCS" means TeleCommunication Systems, Inc.

<u>**Question No. 1:**</u>

Did Cassidian prove by a preponderance of the evidence that microDATA directly infringed the following claims of the '858 patent?

**Answer YES or NO for each claim.**

### microDATA

Claim 1 _NO_    Claim 7 _NO_

Claim 6 _NO_    Claim 8 _NO_

1

**Question No. 2:**

Did Cassidian prove by a preponderance of the evidence that the following Defendants indirectly infringed the following claims of the '858 patent?

**Answer YES or NO for each claim and for each Defendant.**

### microDATA

Claim 1 _NO_     Claim 7 _NO_

Claim 3 _NO_     Claim 8 _NO_

Claim 4 _NO_     Claim 12 _NO_

Claim 5 _NO_     Claim 13 _NO_

Claim 6 _NO_     Claim 14 _NO_

### TCS

Claim 3 _NO_     Claim 12 _NO_

Claim 4 _NO_     Claim 13 _NO_

Claim 5 _NO_     Claim 14 _NO_

**Question No. 3:**

ANSWER QUESTION NO. 3 IF YOU ANSWERED "YES" FOR ANY OF THE CLAIMS LISTED IN EITHER QUESTION NO. 1 OR QUESTION NO. 2; OTHERWISE, DO NOT ANSWER QUESTION NO. 3.

3.A  If you have found that Defendant microDATA infringed one or more of the asserted claims of the '858 patent, did Cassidian prove by clear and convincing evidence that Defendant microDATA's infringement was willful?

**Answer YES or NO**_____

3.B  If you have found that Defendant TCS infringed one or more of the asserted claims of the '858 patent, did Cassidian prove by clear and convincing evidence that Defendant TCS's infringement was willful?

**Answer YES or NO**_____

<u>**Question No. 4:**</u>

Do you find that Defendants have proven by clear and convincing evidence that any of the following claims are invalid?

**Answer YES or NO for each claim.**

Claim 1 _Yes_    Claim 7 _Yes_

Claim 3 _Yes_    Claim 8 _Yes_

Claim 4 _Yes_    Claim 12 _Yes_

Claim 5 _Yes_    Claim 13 _Yes_

Claim 6 _Yes_    Claim 14 _Yes_

**Question No. 5:**

ANSWER QUESTION NO. 5 IF YOU HAVE FOUND AT LEAST ONE CLAIM LISTED IN EITHER QUESTION NO. 1 OR QUESTION NO. 2 HAVE BEEN INFRINGED AND ARE NOT INVALID; OTHERWISE, DO NOT ANSWER QUESTION NO. 5.

What sum of money, if paid now, do you find by a preponderance of the evidence would fairly and reasonably compensate Cassidian for Defendants' infringement?

$ _____

Signed this _20th_ day of _December_, 201_3_.

_____
JURY FOREPERSON

5

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CASSIDIAN COMMUNICATIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-CV-162-JRG |
| | § | |
| MICRODATA GIS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Cassidian Communication, Inc.'s Motion for an Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1 (Dkt. No. 216, filed October 16, 2014.) For the reasons discussed below, the Court DENIES Cassidian's Motion (Dkt. No. 216) for an indicative ruling that the Court will grant an earlier Cassidian motion.

## APPLICABLE LAW

Federal Rule of Civil Procedure ("F.R.C.P") 62.1 provides for an "Indicative Ruling on a motion for Relief that is Barred by a Pending Appeal":

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

(c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

F.R.C.P. § 62.1 (2012).

## DISCUSSION

Cassidian's Motion seeks an indicative ruling under F.R.C.P. § 62.1 that the Court will grant Cassidian's Motion to Correct Inventorship of U.S. Patent No. 6,744,858 According to Section 35 U.S.C. Section 256 and Federal Rule of Civil Procedure 60(b) Motion to Vacate the Judgment That Claims of the Patent Are Invalid (Dkt. No. 206, filed August 26, 2014) (hereinafter "Inventorship Motion").  Briefly, Cassadian's Inventorship Motion—filed after trial was completed and after all post-trial motions were resolved[1]—asks the Court to add a co-inventor—Mr. William Whitehurst—to the '858 patent and vacate the underlying verdict that the '858 patent is invalid.  Prior to Cassidian's Inventorship Motion—in prior testimony, at trial, and in post-trial briefing)—Cassidian disputed Mr. Whitehurst's inventorship.

---

[1] In resolving the Parties' post-trial motions, the Court denied "Cassidian's motion for judgment as a matter of law that Defendants have failed to prove improper inventory of the '858 Patent," found "that a verdict of improper inventorship [wa]s not against 'the great weight of the evidence,'" and denied Cassidian's motion for a new trial on that basis.  (*See* Dkt. No. 201 at 4-11.)

Having considered the Parties' briefing on Cassidian's Motion, the Court hereby defers ruling on Cassidian's Inventorship Motion under F.R.C.P. § 62.1(a)(1) and therefore DENIES Cassidian's Motion (Dkt. No. 216) for an indicative ruling that the Court will grant Cassidian's Inventorship Motion.

**So ORDERED and SIGNED this 5th day of November, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **CASSIDIAN COMMUNICATIONS, INC.,** § | |
| § | **CIVIL ACTION NO. 2:12-cv-162-JRG** |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **MICRODATA GIS, INC., MICRODATA,** § | |
| **LLC, and TELECOMMUNICATION** § | |
| **SYSTEMS, INC.** § | |
| § | |
| **Defendants.** § | |

**CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256 AND FEDERAL RULE OF CIVIL PROCEDURE 60(b) MOTION TO VACATE THE JUDGMENT THAT CLAIMS OF THE PATENT ARE INVALID**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II.  FACTS ........................................................................................................................... 1

III.  APPLICABLE LEGAL STANDARDS ......................................................................... 3

    A.  Correction of Inventorship Under 35 U.S.C. Section 256. .................................... 3

    B.  Vacatur Under Federal Rule of Civil Procedure 60(b). ........................................ 4

IV.  ARGUMENT ................................................................................................................. 6

    A.  The Court Should Order the USPTO to Correct the '858 Patent to Cure Its
        Invalidity. ................................................................................................................ 6

    B.  The Court Should Vacate the Invalidity Judgment. ............................................... 7

V.  CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993) ................................................................. 3

*Broyhill Furntiture Indus., Inc. v. Craftmaster Furniture Corp.*,
  12 F.3d 1080 (Fed. Cir. 1993) .................................................................. 5

*Cook v. Birmingham News*,
  618 F.2d 1149 (5th Cir. 1980) .................................................................. 4

*Evans v. United States*,
  694 F.3d 1377 (Fed. Cir. 2012) ................................................................ 7

*Halliburton Energy Servs. v. NL Indus.*,
  618 F. Supp. 2d 614 (S.D. Tex. 2009) ...................................................... 5

*Harrell v. DCS Equipment Leasing Corp.*,
  951 F.2d 1453 (5th Cir. 1992) .................................................................. 5

*Nichols Institute Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*,
  218 F. Supp. 2d 1243 (S.D. Cal. 2002) ................................................. 4, 6

*Pannu v. Iolab Corp.*,
  155 F.3d 1344 (Fed. Cir. 1998) ............................................................ 3, 4

*Roche Palo Alto LLC v. Ranbaxy Labs. Ltd.*,
  551 F. Supp. 2d 349 (D.N.J. 2008) ........................................................... 7

*Rufo v. Inmates of Suffolk County Jail*,
  502 U.S. 367 (1992) .................................................................................. 5

*S.E.C. v. Lewis*,
  423 F. Supp. 2d 337 (S.D.N.Y. 2006) ...................................................... 8

*Steverson v. GlobalSantaFe Corp.*,
  508 F.3d 300 (5th Cir. 2007) .................................................................... 8

*U.S. Bancorp Mortgage Company v. Bonner Mall Partnership*,
  513 U.S. 18 (1994) .................................................................................... 7

*United States v. Swift & Co.*,
  286 U.S. 106 (1932) .................................................................................. 5

*Univ. of W. Va. v. VanVoorhies*,
  342 F.3d 1290 (Fed. Cir. 2003) ................................................................ 5

*Yesh Music v. Lakewood Church*,
  727 F.3d 356 (5th Cir. 2013) ................................................................. 5

**Statutes**

35 U.S.C. § 102(a) .................................................................................. 2

35 U.S.C. § 102(f) ............................................................................. 2, 3, 7

35 U.S.C. § 256 ............................................................................. 1, 3, 6

**Other Authorities**

11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2863, at 205 (1973) ............ 4

**Rules**

37 C.F.R. 1.324 ...................................................................................... 6

Federal Rule of Civil Procedure 60(b) .............................................. 4, 5, 7, 8

Federal Rule of Civil Procedure 60(b)(5) .......................................... 1, 4, 5, 7

Federal Rule of Civil Procedure 60(b)(6) .............................................. 1, 5, 7, 8

## I.     INTRODUCTION

Cassidian hereby moves this Court for an order directing the United States Patent and Trademark Office (USPTO) to correct inventorship of U.S. Patent No. 6,744,858 ('858) according to 35 U.S.C. Section 256 and to vacate the Court's judgment that claims of the '858 patent are invalid.  The Court has decided as a matter of law that the '858 patent is valid in all respects but for nonjoinder of a co-inventor.  Adding a co-inventor to the '858 patent according to Section 256 cures that sole defect.  It would be inequitable for the Court's invalidity judgment to stand in the public record after the '858 patent's only defect is cured.  Thus, the Court's should order the correction and then vacate its invalidity judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) or 60(b)(6).

## II.     FACTS

A jury trial in this case began on December 16, 2013.  During trial, the Court granted Cassidian's Rule 50(a) motions for judgment as a matter of law that the asserted claims of the '858 patent: (1) are not indefinite; (2) are not obvious; and (3) that none of the asserted dependent claims are anticipated.[1]  On December 20, 2013, the jury reached and returned its unanimous verdict.  The jury found the asserted claims of the '858 patent invalid.  Thus, on January 3, 2014, this Court ordered and entered judgment that claims 1, 3, 4, 5, 6, 7, 8, 12, 13 and 14 of the '858 patent are invalid.[2]

On January 31, 2014, Cassidian filed a Renewed Motion for JMOL or a New Trial (Motion).[3]  Cassidian's Motion argued that the jury's invalidity verdict defied the evidence Defendants presented for each of three invalidity defenses: anticipation under 35 U.S.C. Section

---

[1] *See* Dkt. No. 201 at 2 (citing Trial Tr. Dec. 19, 2013 PM at 96:18-22; 96:23-97:7; 99:15-18.)
[2] Dkt. No. 176.  The Court's judgment also included separate judgments that Defendant microDATA did not directly or indirectly infringe, and that Defendant TCS did not indirectly infringe, any asserted claim of the '858 patent.
[3] Dkt. No. 184.

102(a)/(e), lack of written description or enablement under 35 U.S.C. Section 112, and improper inventorship under 35 U.S.C. Section 102(f).

Defendants' anticipation defense relied on three references:  U.S. Patent No. 6,697,858 (Ezerzer), U.S. Patent No. 6,587,545 (Antonucci), and a publication titled "Telecommunications Security Guidelines for Telecommunications Management Network" (TSG).  Cassidian's Motion established that the evidence presented at trial failed to prove that any one of these references anticipated any claim of the '858 patent.  On August 8, 2014, the Court issued its Memorandum and Opinion deciding Cassidian's Motion.[4]  The Court agreed with Cassidian, and held that neither Ezerzer nor Antonucci qualifies as prior art to the '858 patent.[5]  The Court further held that no reasonable jury could have found that the TSG reference anticipated either claim 1 or 3 of the '858 patent.[6]  The Court granted Cassidian's motions for judgment as a matter of law that Defendants' anticipation defenses failed.[7]

Cassidian's Motion also established that Defendants failed to present enough evidence for any reasonable jury to conclude that the '858 patent lacks sufficient written description or enablement.[8]  The Court again agreed with Cassidian, and held as a matter of law that Defendants' Section 112 defenses also failed.[9]

Cassidian's Motion further argued that Defendants failed to prove improper inventorship.[10]  The Court did not agree with Cassidian and denied Cassidian's motion for judgment as a matter of law.[11]  But, the Court's opinion noted that if "a patentee demonstrates

---

[4] Dkt. No. 201.
[5] *Id.* at 16.
[6] *Id.* at 20-21.
[7] *Id.* at 16, 21.
[8] *See* Dkt. No. 184 at 23-28.
[9] Dkt. No. 201 at 24.
[10] Dkt. No. 184 at 7-12.
[11] Dkt. No. 201 at 11.

that inventorship can be corrected as provided for in section 256, a district court must order

correction of the patent, thus saving it from being rendered invalid."[12]  In view of the Court's

ruling on Cassidian's JMOL, the sole, correctable ground on which the Court's invalidity

judgment stands is improper inventorship under 35 U.S.C. Section 102(f).[13]  Cassidian

establishes herein that it is appropriate to correct inventorship of the '858 patent according to

Section 256.[14]

## III.  APPLICABLE LEGAL STANDARDS

### A.  Correction of Inventorship Under 35 U.S.C. Section 256.

Section 256 serves the public policy of preserving property rights from avoidable

forfeiture.  Section 256 provides that the error of omitting an inventor **shall not** invalidate a

patent if the inventorship error can be corrected.  In particular, Section 256 provides:

> **(a) Correction.—** Whenever through error a person is named in an issued
> patent as the inventor, or through error an inventor is not named in an
> issued patent, the Director may, on application of all the parties and
> assignees, with proof of the facts and such other requirements as may be
> imposed, issue a certificate correcting such error.
>
> **(b) Patent Valid if Error Corrected.—** The error of omitting inventors
> or naming persons who are not inventors shall not invalidate the patent in
> which such error occurred if it can be corrected as provided in this section.
> The court before which such matter is called in question may order
> correction of the patent on notice and hearing of all parties concerned and
> the Director shall issue a certificate accordingly.[15]

There is no deadline for correcting inventorship under Section 256.[16]  When there is

nonjoinder of a co-inventor and a Section 102(f) invalidity claim, like here, the Court "should

---

[12] *Id.* at 11, n.3 (citing *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998)).

[13] *See* Dkt. No. 201 at 24.

[14] As noted in Cassidian's Reply in support of its Motion (Dkt. No. 199) at footnote 65 and Exhibit 47, the USPTO recently conducted and completed a second reexamination of the '858 patent's claims.  On April 3, 2014 the USPTO issued a second Ex Parte Reexamination Certificate confirming the patentability of claims 1-14 of the '858 patent with no amendments.

[15] 35 U.S.C. § 256.

[16] *See Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1162 (Fed. Cir. 1993).

first determine whether there exists clear and convincing proof that the alleged unnamed inventor was in fact a co-inventor."[17] If the Court decides the answer is "yes," "the patentee must then be given an opportunity to correct inventorship pursuant" to Section 256.[18] Nonjoinder "may be corrected on notice and hearing of all parties concerned and upon a showing that the error occurred without any deceptive intent on the part of the unnamed inventor."[19] Courts have interpreted Section 256 to require the involvement of only named inventors, omitted inventors, and assignees.[20] Thus, "[a]n alleged infringer is not a necessary party to a motion for correction under § 256."[21] The Court should also presume "good faith" of the unnamed inventor "in the absence of a persuasive showing of deceptive intent."[22] If inventorship is corrected, a patent's invalidity under Section 102(f) is cured.[23]

### B. Vacatur Under Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides at least two grounds for vacatur relevant to the relief Cassidian seeks. Rule 60(b) provides in relevant part:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …
> (5)…applying [the judgment] prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[24]

Rule 60(b)(5) applies only to judgments that have prospective effect "as contrasted with those that offer a present remedy for a past wrong."[25] As Justice Cardozo explained:

---

[17] *Pannu*, 155 F.3d at 1350.
[18] *Id.*
[19] *Id.* (internal quotation and citations omitted).
[20] *Nichols Institute Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*, 218 F. Supp. 2d 1243, 1250 (S.D. Cal. 2002) (citing cases).
[21] *Id.*
[22] *Pannu,* 155 F.3d at 1350 n.4.
[23] *Nichols*, 218 F. Supp. 2d at 1248.
[24] Fed. R. Civ. P. 60(b).

The distinction is between restraints that give protection to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative.[26]

A declaratory judgment qualifies as having prospective effect, particularly where its impact is continuing.[27]  Moreover, a significant change in operative facts is enough for a court to find relief under Rule 60(b)(5) appropriate.[28]

The Fifth Circuit considers Rule 60(b)(6) "a grand reservoir of equitable power to do justice in a particular case."[29]  The Fifth Circuit further considers a district court's discretion under Rule 60(b)(6) as being "especially broad" because a court may grant relief under the Rule whenever "appropriate to accomplish justice."[30]  Nonetheless, a court's power to grant Rule 60(b) relief is not unbridled, and instead is reserved for use in cases where "extraordinary circumstances" are present.[31]  Because a district court has wide discretion in deciding a Rule 60(b) motion, appellate courts review a decision granting a Rule 60(b) motion only for abuse of that discretion.[32]

---

[25] *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980), quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2863, at 205 [(1973)].

[26] *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) (*overruled on other grounds by Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992)).

[27] *See Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 650 (S.D. Tex. 2009) (citations omitted).

[28] *See Rufo*, 502 U.S. at 384; *see also Halliburton*, 618 F. Supp. 2d at 650 ("In reviewing a request for relief under Rule 60(b)(5) …We are asking ourselves whether anything has happened that will justify us now in changing a decree.") (citations omitted).

[29] *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (citation omitted).

[30] *Harrell v. DCS Equipment Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992).

[31] *Yesh*, 727 F.3d at 363. (citation omitted).

[32] *See id.* at 359 (citation omitted).  The Federal Circuit reviews a Rule 60(b) ruling with deference to the law of the regional circuit in which the district court sits because the rule is procedural in nature and not unique to patent law.  *See Univ. of W. Va. v. VanVoorhies*, 342 F.3d 1290, 1294 (Fed. Cir. 2003) (applying 4th Circuit law).  But, deference is not afforded when the district court's Rule 60(b) ruling turns on substantive issues unique to patent law.  *See, e.g., Broyhill Furntiure Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1083 (Fed. Cir. 1993).  Nonetheless, the Federal Circuit may find persuasive decisions of sister circuits relevant to the appeal.  *Id.* at n.1.

## IV. ARGUMENT

### A. The Court Should Order the USPTO to Correct the '858 Patent to Cure Its Invalidity.

Cassidian's motion and the materials submitted in its support establish that correction of inventorship is appropriate here. The sole reason the asserted claims of the '858 patent stand invalid today is because of the inventorship defense presented at trial. Indeed, the Court has already affirmed there was sufficient evidence to meet the clear and convincing standard to show that Mr. Whitehurst is in fact a co-inventor. In view of the Court's determination, Cassidian must have the opportunity to correct inventorship under Section 256.[33]

This is a case of correctable nonjoinder. The necessary parties, Messrs. Ryan, Henry, and Whitehurst, and Cassidian as the assignee of all right, title and interest to the '858 patent, have notice of the requested correction. Cassidian submits with its motion declarations signed by each of these parties supporting the correction.[34] Cassidian further notes that these declarations comply with 37 C.F.R. 1.324 for "Correction of inventorship in a patent, pursuant to 35 U.S.C. 256."[35] Moreover, as set forth in Mr. Whitehurst's declaration, his omission as a co-inventor occurred due to no deceptive intent on his part.[36] Because these necessary parties no longer dispute the requested correction, Cassidian suggests that there is no need for a separate hearing.[37]

---

[33] While Cassidian has disputed that Mr. Whitehurst is a co-inventor of the '858 patent throughout this case and its prior litigations, Cassidian will obviously abide by the Court's decision. Cassidian's perseverance in its belief though explains why Cassidian did not earlier seek correction of inventorship via Section 256 or the USPTO.

[34] *See* Declarations of Tiffany Baughman, Terry S. Ryan, Randel W. Henry, and William R. Whitehurst in Support of Plaintiff Cassidian Communications, Inc.'s Motion to Correct Inventorship of U.S. Patent No. 6,744,858 According to 35 U.S.C. Section 256 submitted concurrently.

[35] *See* 37 C.F.R. 1.324.

[36] Declaration of William R. Whitehurst in Support of Plaintiff Cassidian Communications, Inc.'s Motion to Correct Inventorship of U.S. Patent No. 6,744,858 According to 35 U.S.C. Section 256, ¶ 4.

[37] Notice of a motion for correction under Section 256 need not be given to an alleged infringer because they are not a necessary party for correction of a patent under Section 206. *Nichols Institute Diagnostics*, 218 F. Supp. 2d at 1250-51. Yet, as a courtesy, Cassidian did meet and confer with Defendants concerning this motion. Defendants said they intend to oppose it. But, where there is no dispute between

The jury heard this issue at trial and the Court confirmed the jury's verdict in its post-trial Order.[38] Because the USPTO should add Mr. Whitehurst as a co-inventor of the '858 patent to correct it, Cassidian respectfully requests that the Court grant its motion and issue the proposed order submitted herewith instructing the Director of the USPTO to reissue the '858 patent with the necessary correction.[39]

### B. The Court Should Vacate the Invalidity Judgment.

Once inventorship is corrected, there is no basis for the invalidity judgment to stand. This Court has found as a matter of law that every other challenge to the validity raised in the course of the trial of this matter failed but for Section 102(f). Thus, there are exceptional circumstances in this case that warrants vacatur of the Court's invalidity judgment. The Court may reach this conclusion applying either Rule 60(b)(5) or 60(b)(6).[40]

Under Rule 60(b)(5), the invalidity judgment applies prospectively and it is no longer fair to enforce. If the '858 patent's claims are deemed valid, equity favors vacating a prior judicial determination that they are not. A public judgment of the invalidity of the '858 patent's claims negatively affects Cassidian's present licenses to the '858 patent and Cassidian's ability to license the patent in the future. That impact would be continuing so long as the judgment stands.

---

the necessary parties to the patent, like here, and the Court has resolved all other bases of invalidity, Defendants' objection is irrelevant and creates no dispute. *See id.* at 1251.

[38] Cassidian will gladly take part in any hearing should the Court deem one necessary though.

[39] A Certificate of Correction issued for the sole purpose of correcting inventorship under Section 256 is given retroactive effect. *Roche Palo Alto LLC v. Ranbaxy Labs. Ltd.*, 551 F. Supp. 2d 349, 351, 359 (D.N.J. 2008) ("[T]he court holds that the …Certificate of Correction issued for correction of inventorship has retroactive effect.") Thus, issuance of a Certificate of Correction for the '858 patent will have no bearing on any other aspect of this case.

[40] Cassidian notes that certain principles for deciding a Rule 60(b) motion set forth by the Supreme Court in *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership*, 513 U.S. 18 (1994) are inapplicable in this case. Courts limit application of the *Bancorp* rule to cases where there is a settlement between the parties or some other voluntary action by the party seeking appellate review moots the case. *See Evans v. United States*, 694 F.3d 1377, 1381 (Fed. Cir. 2012) (finding *Bancorp* rule inapplicable where plaintiff did not settle the case or fail to appeal). Here, the parties have not reached any settlement and the case will remain ripe for appellate review even if Cassidian's motion is granted.

And, the operative facts supporting the original judgment have significantly changed. Adding Mr. Whitehurst as a co-inventor cures the sole reason for invalidity. Under these circumstances, the Court should vacate the judgment of the '858 patent's invalidity under Rule 60(b)(5).

In the alternative, the Court may exercise its especially broad discretion under Rule 60(b)(6) to vacate the judgment.[41] Assuming the Court orders correction of inventorship, the prior judgment of invalidity is no longer accurate. That is an extraordinary circumstance. An inaccurate judgment should not stand in the public record.[42] Thus, the Court should vacate it under Rule 60(b)(6).

## V.    CONCLUSION

For the reasons stated above, Cassidian respectfully requests the Court to issue an Order to the Director of the USPTO to correct inventorship of the '858 patent by adding Mr. Whitehurst as a co-inventor and reissuing the '858 patent. Cassidian further respectfully requests the Court to vacate its judgment that claims of the '858 patent are invalid.

Dated:  August 26, 2014

Respectfully submitted,

/s/ Matthew F. Greinert
Henry C. Bunsow
California State Bar No. 60707
Denise M. De Mory
California State Bar No. 168076
Matthew F. Greinert
California State Bar No. 239492
BUNSOW, DE MORY, SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com

---

[41] *See, e.g., S.E.C. v. Lewis*, 423 F. Supp. 2d 337, 341 (S.D.N.Y. 2006) (vacating injunction under Rule 60(b)(6) where operative facts had significantly changed since injunction ordered).

[42] *See Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (explaining Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.") (citation omitted).

Email: ddemory@bdiplaw.com
Email: mgreinert@bdiplaw.com

Elizabeth L. DeRieux
State Bar No. 05770585
S. Calvin Capshaw
State Bar No. 03783900
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Avenue
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
Email: ederieux@capshawlaw.com
Email: ccapshaw@capshawlaw.com
Email: jrambin@capshawlaw.com

**Attorneys for Plaintiff**
**CASSIDIAN COMMUNICATIONS, INC**.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

Dated:  August 26, 2014

*/s/ Matthew F. Greinert*
Matthew F. Greinert

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that counsel for the parties have complied with the meet and confer requirements of Local Rule CV-7(h).  While Defendants are not a necessary party to this motion, Defendants intend to oppose.

Dated:  August 26, 2014

*/s/ Matthew F. Greinert*
Matthew F. Greinert

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CASSIDIAN COMMUNICATIONS, INC.,** § | |
| § | |
| § | **CIVIL ACTION NO. 2:12-cv-162-JRG** |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **MICRODATA GIS, INC., MICRODATA,** § | |
| **LLC, and TELECOMMUNICATION** § | |
| **SYSTEMS, INC.** § | |
| § | |
| **Defendants.** § | |

**DECLARATION OF TERRY S. RYAN IN SUPPORT OF PLAINTIFF
CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP
OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256**

I, Terry S. Ryan, declare and state as follows:

1.      I am a named inventor on U.S. Patent No. 6,744,858 ('858) as amended by the Ex

Parte Reexamination Certificate issued on December 2, 2008.  I have personal knowledge of the

facts contained in this declaration, and if called upon to do so, I could and would testify

competently thereto.

2.      The patent application listed Mr. Randel Henry and I as named inventors on the

'858 patent.  At the time of the filing of the patent application, I believed that this was proper.

Mr. William R. Whitehurst was not omitted from the application with any deceptive intent on my

part, or to my knowledge, anyone associated with the patent application.  In fact, I understand

that certain documents with Mr. Whitehurst's name on them were submitted to the Patent Office

with the provisional application that ultimately matured into the '858 patent

3.      Notwithstanding my understanding and belief at the time the application was

filed, I understand that a jury has now found that Mr. Whitehurst was a co-inventor of the '858

patent and that the Court in this matter has concluded that there was sufficient evidence for the jury to reach this result.

4. I understand that Cassidian has requested to correct inventorship of the '858 patent by adding William R. Whitehurst as a co-inventor on the '858 patent. In view of the jury verdict, I have no disagreement with the requested addition.

Executed at Grant, Alabama on August __26_, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Terry S. Ryan

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CASSIDIAN COMMUNICATIONS, INC.,** § | |
| § | |
| § | **CIVIL ACTION NO. 2:12-cv-162-JRG** |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **MICRODATA GIS, INC., MICRODATA,** § | |
| **LLC, and TELECOMMUNICATION** § | |
| **SYSTEMS, INC.** § | |
| § | |
| **Defendants.** § | |

**DECLARATION OF TERRY S. RYAN IN SUPPORT OF PLAINTIFF**
**CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP**
**OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256**

I, Terry S. Ryan, declare and state as follows:

1.     I am a named inventor on U.S. Patent No. 6,744,858 ('858) as amended by the Ex Parte Reexamination Certificate issued on December 2, 2008.  I have personal knowledge of the facts contained in this declaration, and if called upon to do so, I could and would testify competently thereto.

2.     The patent application listed Mr. Randel Henry and I as named inventors on the '858 patent.  At the time of the filing of the patent application, I believed that this was proper. Mr. William R. Whitehurst was not omitted from the application with any deceptive intent on my part, or to my knowledge, anyone associated with the patent application.  In fact, I understand that certain documents with Mr. Whitehurst's name on them were submitted to the Patent Office with the provisional application that ultimately matured into the '858 patent

3.     Notwithstanding my understanding and belief at the time the application was filed, I understand that a jury has now found that Mr. Whitehurst was a co-inventor of the '858

patent and that the Court in this matter has concluded that there was sufficient evidence for the jury to reach this result.

4.      I understand that Cassidian has requested to correct inventorship of the '858 patent by adding William R. Whitehurst as a co-inventor on the '858 patent.  In view of the jury verdict, I have no disagreement with the requested addition.

Executed at Grant, Alabama on August  26, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Terry S. Ryan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CASSIDIAN COMMUNICATIONS, INC., | § |
| | § |
| | § CIVIL ACTION NO. 2:12-cv-162-JRG |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| MICRODATA GIS, INC., MICRODATA, | § |
| LLC, and TELECOMMUNICATION | § |
| SYSTEMS, INC. | § |
| | § |
| Defendants. | § |

## DECLARATION OF TIFFANY BAUGHMAN IN SUPPORT OF PLAINTIFF CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256

I, Tiffany Baughman, declare and state as follows:

1.      I am Senior Legal Counsel-Head of Intellectual Property of Airbus DS Communications, formerly known as Cassidian Communications, Inc. (Cassidian). The company name change occurred on August 1, 2014. The company name change did not otherwise affect the corporate structure or business of the Plaintiff in this case. I am authorized to act on behalf of Cassidian concerning the matter herein. I have personal knowledge of the facts contained in this declaration, and if called upon to do so, I could and would testify competently thereto.

2.      Cassidian is the assignee of U.S. Patent No. 6,744,858 ('858) as amended by the Ex Parte Reexamination Certificate issued on December 2, 2008. The '858 patent originally issued on June 1, 2004 with a claim of priority to U.S. Provisional Patent Application No. 60/264,242 filed on January 26, 2001.

3.      Documentary evidence of the chain of title and assignment of the '858 patent to Cassidian is recorded in the United States Patent and Trademark Office records at Reels/Frames

012808/0811; 016301/0484; 019094/0256; 019116/0338; 020866/0195; 020866/0225; 022542/0333; and 026178/0204.

4.    I understand that Cassidian has requested to correct inventorship of the '858 patent by adding William R. Whitehurst as a co-inventor on the '858 patent. As Cassidian's legal representative authorized to act on Cassidian's behalf, I represent that Cassidian approves of the requested correction and the addition of Mr. Whitehurst as a co-inventor on the '858 patent.

5.    By virtue of litigation settlement, license, and assignment agreements executed between Cassidian, Intrado Inc., and Mr. Whitehurst in October 2012, Cassidian is already the sole owner of any rights Mr. Whitehurst or Intrado may have had or has in and to the '858 patent.

Executed at Temecula, California on August $\underline{20}$, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Tiffany Baughman

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CASSIDIAN COMMUNICATIONS, INC.,** § | |
| § | **CIVIL ACTION NO. 2:12-cv-162-JRG** |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **MICRODATA GIS, INC., MICRODATA,** § | |
| **LLC, and TELECOMMUNICATION** § | |
| **SYSTEMS, INC.** § | |
| § | |
| **Defendants.** § | |

**DECLARATION OF WILLIAM R. WHITEHURST IN SUPPORT OF PLAINTIFF
CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP
OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256**

I, William R. Whitehurst, declare and state as follows:

1.      I am not presently a named inventor on U.S. Patent No. 6,744,858 ('858).  I have personal knowledge of the facts contained in this declaration.

2.      I understand that Terry S. Ryan and Randel W. Henry are the named inventors on the '858 patent.  I worked with Messrs. Ryan and Henry at Tel Control, Inc. (TCI) from 1997 through July 2000.  Mr. Ryan was my supervisor.  TCI was developing emergency call center products like those claimed in the '858 patent while I worked there, and I worked with Mr. Ryan to develop those products.

3.      I understand that a judge and a jury has decided that there is clear and convincing proof that I should be named as a co-inventor on the '858 patent.  I further understand that Cassidian has requested correction of inventorship on the '858 patent by adding my name as a co-inventor.  I approve of adding my name as a co-inventor on the '858 patent.

4.      My omission as a named inventor on the original patent application was without any deceptive intent on my part.  I had left TCI before the application for the '858 patent was

filed. I did not become aware of the existence of the application or the '858 patent until after the patent had issued in 2004.

5. I understand that Cassidian is already the sole owner of any rights I may have had in and to the '858 patent.

Executed at *Athens*, Alabama on August 22, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

William R. Whitehurst

-2-

# EXHIBIT 5

Docket No.: PLNTEQ.018A

August 29, 2014
Page 1 of 1

Please Direct All Correspondence to Customer Number 20,995

## REQUEST FOR CERTIFICATE OF CORRECTION

| | | |
|---|---|---|
| Inventor | : | Terry S Ryan |
| App. No. | : | 10/056,411 |
| Filed | : | January 25, 2002 |
| Patent No. | : | 6,744,858 |
| Issue Date | : | June 1, 2004 |
| Title | : | SYSTEM AND METHOD FOR SUPPORTING MULTIPLE CALL CENTERS |
| Conf No. | : | 2556 |

Commissioner for Patents
Office of Data Management Attention: Certificates of Correction Branch
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Commissioner:

Enclosed for filing is a Certificate of Correction in connection with the above-identified patent, for consideration after the grant of the Petition to Correct Inventorship filed herewith. Please charge $100 pursuant to 37 C.F.R. § 1.20(a) and any additional fees to our Deposit Account No. 11-1410.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  August 29, 2014

By: /CHRISTOPHER M. DILEO/
Christopher M. DiLeo
Registration No. 61,738
Attorney of Record
Customer No. 20,995
(858) 707-4000

18768423 sma082914

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

| | | |
|---|---|---|
| **PATENT NO.** | : 6,744,858 | Page 1 of 1 |
| **APPLICATION NO.** | : 10/056411 | |
| **ISSUE DATE** | : June 1, 2004 | |
| **FIRST INVENTOR** | : Terry S. Ryan | |

It is certified that an error appears or errors appear in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Page 1, column 1, item (75) Inventors, insert -- **William R. Whitehurst**, Athens, AL (US) -- below the name of Inventor Randel W. Henry

18765421
082914

MAILING ADDRESS OF SENDER:

Christopher M. DiLeo
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, California  92614

DOCKET NO.  PLNTEQ.018A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CASSIDIAN COMMUNICATIONS, INC., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>MICRODATA GIS, INC., MICRODATA, §<br>LLC, and TELECOMMUNICATION §<br>SYSTEMS, INC. §<br>§<br>Defendants. § | CIVIL ACTION NO. 2:12-cv-162-JRG |

### DECLARATION OF RANDEL W. HENRY IN SUPPORT OF PLAINTIFF CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256

I, Randel W. Henry, declare and state as follows:

1.    I am a named inventor on U.S. Patent No. 6,744,858 ('858) as amended by the Ex Parte Reexamination Certificate issued on December 2, 2008. I have personal knowledge of the facts contained in this declaration, and if called upon to do so, I could and would testify competently thereto.

2.    Cassidian has requested to correct inventorship of the '858 patent by adding William R. Whitehurst as a co-inventor on the '858 patent. In view of the jury verdict, I have no disagreement with the requested addition.

Executed at Huntsville, Alabama on August 22, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Randel W. Henry

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| CASSIDIAN COMMUNICATIONS, INC., | § § § | CIVIL ACTION NO. 2:12-cv-162-JRG |
| Plaintiff, | § § | |
| v. | § § | |
| MICRODATA GIS, INC., MICRODATA, LLC, and TELECOMMUNICATION SYSTEMS, INC. | § § § § | |
| Defendants. | § § | |

**DECLARATION OF TIFFANY BAUGHMAN IN SUPPORT OF PLAINTIFF CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256**

I, Tiffany Baughman, declare and state as follows:

1.     I am Senior Legal Counsel-Head of Intellectual Property of Airbus DS Communications, formerly known as Cassidian Communications, Inc. (Cassidian). The company name change occurred on August 1, 2014. The company name change did not otherwise affect the corporate structure or business of the Plaintiff in this case. I am authorized to act on behalf of Cassidian concerning the matter herein. I have personal knowledge of the facts contained in this declaration, and if called upon to do so, I could and would testify competently thereto.

2.     Cassidian is the assignee of U.S. Patent No. 6,744,858 ('858) as amended by the Ex Parte Reexamination Certificate issued on December 2, 2008. The '858 patent originally issued on June 1, 2004 with a claim of priority to U.S. Provisional Patent Application No. 60/264,242 filed on January 26, 2001.

3.     Documentary evidence of the chain of title and assignment of the '858 patent to Cassidian is recorded in the United States Patent and Trademark Office records at Reels/Frames

012808/0811; 016301/0484; 019094/0256; 019116/0338; 020866/0195; 020866/0225; 022542/0333; and 026178/0204.

4.    I understand that Cassidian has requested to correct inventorship of the '858 patent by adding William R. Whitehurst as a co-inventor on the '858 patent. As Cassidian's legal representative authorized to act on Cassidian's behalf, I represent that Cassidian approves of the requested correction and the addition of Mr. Whitehurst as a co-inventor on the '858 patent.

5.    By virtue of litigation settlement, license, and assignment agreements executed between Cassidian, Intrado Inc., and Mr. Whitehurst in October 2012, Cassidian is already the sole owner of any rights Mr. Whitehurst or Intrado may have had or has in and to the '858 patent.

Executed at Temecula, California on August $20$, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Tiffany Baughman

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CASSIDIAN COMMUNICATIONS, INC., | § |
| | § |
| | § CIVIL ACTION NO. 2:12-cv-162-JRG |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| MICRODATA GIS, INC., MICRODATA, | § |
| LLC, and TELECOMMUNICATION | § |
| SYSTEMS, INC. | § |
| | § |
| Defendants. | § |

**DECLARATION OF WILLIAM R. WHITEHURST IN SUPPORT OF PLAINTIFF
CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP
OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256**

I, William R. Whitehurst, declare and state as follows:

1.      I am not presently a named inventor on U.S. Patent No. 6,744,858 ('858).  I have personal knowledge of the facts contained in this declaration.

2.      I understand that Terry S. Ryan and Randel W. Henry are the named inventors on the '858 patent.  I worked with Messrs. Ryan and Henry at Tel Control, Inc. (TCI) from 1997 through July 2000.  Mr. Ryan was my supervisor.  TCI was developing emergency call center products like those claimed in the '858 patent while I worked there, and I worked with Mr. Ryan to develop those products.

3.      I understand that a judge and a jury has decided that there is clear and convincing proof that I should be named as a co-inventor on the '858 patent.  I further understand that Cassidian has requested correction of inventorship on the '858 patent by adding my name as a co-inventor.  I approve of adding my name as a co-inventor on the '858 patent.

4.      My omission as a named inventor on the original patent application was without any deceptive intent on my part.  I had left TCI before the application for the '858 patent was

filed. I did not become aware of the existence of the application or the '858 patent until after the patent had issued in 2004.

5.      I understand that Cassidian is already the sole owner of any rights I may have had in and to the '858 patent.

Executed at *Athens*, Alabama on August 22, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

William R. Whitehurst

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CASSIDIAN COMMUNICATIONS, INC., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>MICRODATA GIS, INC., MICRODATA, §<br>LLC, and TELECOMMUNICATION §<br>SYSTEMS, INC. §<br>§<br>Defendants. § | CIVIL ACTION NO. 2:12-cv-162-JRG |

**DECLARATION OF TERRY S. RYAN IN SUPPORT OF PLAINTIFF
CASSIDIAN COMMUNICATIONS, INC.'S MOTION TO CORRECT INVENTORSHIP
OF U.S. PATENT NO. 6,744,858 ACCORDING TO 35 U.S.C. SECTION 256**

I, Terry S. Ryan, declare and state as follows:

1.      I am a named inventor on U.S. Patent No. 6,744,858 ('858) as amended by the Ex Parte Reexamination Certificate issued on December 2, 2008.  I have personal knowledge of the facts contained in this declaration, and if called upon to do so, I could and would testify competently thereto.

2.      I understand that Cassidian has requested to correct inventorship of the '858 patent by adding William R. Whitehurst as a co-inventor on the '858 patent.  In view of the jury verdict, I have no disagreement with the requested addition.

Executed at ___Grant_____, Alabama on August _19_, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Terry S. Ryan

# EXHIBIT 6

# DECLARATION OF DENISE M. DE MORY

I, Denise M. De Mory, declare:

1.    I am an attorney at law duly admitted to practice law in the State of California and am a partner with the law firm Bunsow De Mory Smith & Allison LLP, counsel of record for plaintiff, appellant Cassidian Communications, Inc., now known as Airbus DS Communications, Inc. ("Airbus DS"), in this matter.

2.    I have knowledge of the facts set forth below, and, if called as a witness, could and would testify to them.

3.    I make this declaration as required by Federal Circuit Rule 26(b)(5) to demonstrate good cause for an extension that exceeds 14 days.

4.    A jury trial in the underlying case began in district court on December 16, 2013. The jury returned a verdict finding the asserted claims of U.S. Patent No. 6,744,858 ("'858) invalid. On January 3, 2014, the district court ordered and entered judgment that asserted claims 1, 3, 4, 5, 6, 7, 8, 12, 13 and 14 of the '858 patent are invalid.

5.    On January 31, 2014, Airbus DS filed a Renewed Motion for JMOL or a New Trial ("JMOL Motion"). Airbus DS's JMOL Motion argued that the jury's invalidity verdict was not supported by the evidence defendants, appellees presented on each of their three invalidity theories tried.

6.      On August 8, 2014, the district court issued is Memorandum and Opinion deciding Airbus DS's JMOL Motion.  The district court ruled that two out of three of defendants, appellees invalidity theories failed as a matter of law. However, the district court did find that there was sufficient evidence for the jury to have found the asserted claims of the '858 patent invalid due to incorrect inventorship by failure to name a co-inventor on the patent.  Incorrect inventorship was the sole basis for the district court's invalidity judgment.

7.      On August 25, 2014, Airbus DS filed a Motion to Correct Inventorship of the '858 patent and vacate the district court's invalidity judgment ("Motion to Correct").  While Airbus DS's Motion to Correct was pending with the district court, Airbus DS was required to file its notice of appeal before the deadline.

8.      On August 29, 2014, Airbus DS submitted a petition to the United States Patent and Trademark Office ("USPTO") requesting correction of inventorship by adding the unnamed co-inventor to the '858 patent.

9.      Recognizing that the district court no longer had jurisdiction to grant the Motion to Correct, Airbus DS also filed a Motion for an Indicative Ruling with the district court on October 16, 2014.

10.    On November 5, 2014, the district court issued an order denying Airbus DS's Motion for an Indicative Ruling, specifying that it "defers ruling" on Airbus DS's Motion to Correct.

11.    The day after the district court issued its order, Airbus DS learned that the USPTO had granted Airbus DS's petition to correct inventorship of the '858 patent. Airbus DS understands that the USPTO intends to issue an official certificate of correction for the '858 patent this week.

12.    In view of the inventorship issue for the '858 patent now being corrected, and the validity of the '858 patent's claims being restored, Airbus DS intends to file a motion to vacate the district court's invalidity judgment pursuant to at least 28 U.S.C. § 2106 with this Court early next week, or as soon as the USPTO issues its official certificate of correction.

13.    Airbus DS's Opening Appellant's Brief is due December 8, 2014 (Dkt. No. 1-1). However, resolution of Airbus DS's motion to vacate in favor of vacating the district court's now incorrect invalidity judgment may dispose of this appeal in its entirety. This is because if the motion to vacate is granted, Airbus DS will dismiss its appeal. Defendants, appellees have not filed any cross-appeal, and the deadline to do so has passed.

14.    In addition to the procedural posture of this case and appeal, and the upcoming holidays, I and Mr. Henry Bunsow, together with a significant portion of

our 18-attorney firm, will be in trial in the District Court for the Eastern District of Texas starting January 12, 2015. We will be in Texas preparing for that trial shortly after the New Year. Hence, our request for an extension beyond 30 days, as a 30-day extension would make our opening brief due coincident with the start of trial.

15.     Thus, Airbus DS respectfully requests an extension of the time for Airbus DS to file its Opening Appellant's Brief to February 6, 2015 to hopefully minimize the parties' and the Court's resources with regard to briefing that may turn out to be unnecessary.

16.     On November 25, 2014, I spoke via telephone with defendants, appellees counsel concerning this motion. The next morning, defendants, appellees counsel indicated that defendants, appellees opposed this motion.

Executed this 26th day of November 2014, in Redwood City, California.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Denise M. De Mory
Denise M. De Mory
(California SBN 168076)

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on | November 26, 2014 |
by:

☐ US mail
☐ Fax
☐ Hand
☒ Electronic Means
   (by email or CM/ECF)

| Denise De Mory | | /s/ Denise De Mory |
Name of Counsel                                    Signature of Counsel

Law Firm | Bunsow De Mory Smith & Allison LLP |

Address | 600 Allerton Street, Suite 101 |

City, State, ZIP | Redwood City, CA 94063 |

Telephone Number | 650-351-7248 |

FAX Number | 650-351-7253 |

E-mail Address | ddemory@bdiplaw.com |

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.

FORM 9.   Certificate of Interest

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Cassidian Communications, Inc.                v.   microDATA GIS, Inc.

No. 15-1037

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Edward A. Pennington _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

microDATA GIS, Inc., microDATA, LLC, and TeleCommunication Systems, Inc.

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

TeleCommunication Systems, Inc.

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

microDATA GIS, Inc. is a wholly owned subsidiary of microDATA, LLC, which is a wholly owned subsidiary of TeleCommunication Systems, Inc.

4.  ☑  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Attorneys: Edward A. Pennington, Siddhesh V. Pandit, Stephanie D. Scruggs, Sean T. C. Phelan, John P. Pennington, J. Thad Heartfield, M. Dru Montgomery,  Timothy J. Murphy, Jacob K. Baron, Jennifer Parker Ainsworth; Law firms: Smith, Gambrell & Russell, LLP; The Heartfield Law Firm; and Holland & Knight, LLP.

12/5/14                                          /s/ Edward A. Pennington
_____                        _____
Date                                              Signature of counsel

                                                    Edward A. Pennington
                                                    _____
                                                    Printed name of counsel

Please Note: All questions must be answered
cc: All Counsel of Record _____

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on
by:

Dec 12, 2014

☐ US mail
☐ Fax
☐ Hand
☒ Electronic Means
   (by email or CM/ECF)

| Edward A. Pennington | /s/ Edward A. Pennington |
|---|---|
| Name of Counsel | Signature of Counsel |

Law Firm    Smith, Gambrell, & Russell, LLP

Address    1055 Thomas Jefferson St., N.W., Suite 400

City, State, ZIP    Washington, D.C., 20007

Telephone Number    (202) 263-4307

FAX Number    (202) 263-4329

E-mail Address    epennington@sgrlaw.com

NOTE: For attorneys filing documents electronically, the name of the filer
under whose log-in and password a document is submitted must be preceded
by an "/s/" and typed in the space where the signature would otherwise appear.
Graphic and other electronic signatures are discouraged.

**Form 9**

FORM 9.   Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Cassidian Communications, Inc.    v. microDATA GIS, Inc.

No. 15-1037

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Sid V. Pandit                certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

microDATA GIS, Inc., microDATA, LLC, and TeleCommunication Systems, Inc.

_____

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

TeleCommunication Systems, Inc.

_____

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

microDATA GIS, Inc. is a wholly owned subsidiary of microDATA, LLC, which is a wholly owned subsidiary of TeleCommunication Systems, Inc.

_____

4.  ☑   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Attorneys: Edward A. Pennington, Sid V. Pandit, Stephanie D. Scruggs, Sean T.C. Phelan, John P. Pennington, M. Dru Montgomery, Timothy J. Murphy, Jacob K. Baron, Jennifer Parker Ainsworth; Law firms: Smith, Gambrell & Russell, LLP; The Heartfield Law Firm; and Holland & Knight, LLP.

_____

1/16/2015                          /s/ Sid V. Pandit
         Date                            Signature of counsel

                                    Sid V. Pandit
                                    Printed name of counsel

Please Note: All questions must be answered
cc: All Counsel of Record

124

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on | Jan 16, 2015 |
by:

☐ US mail
☐ Fax
☐ Hand
☒ Electronic Means
   (by email or CM/ECF)

| Sid V. Pandit | | /s/ Sid V. Pandit |

Name of Counsel                     Signature of Counsel

Law Firm | Smith, Gambrell & Russell, LLP |

Address | 1055 Thomas Jefferson St., N.W., Suite 400 |

City, State, ZIP | Washington, D.C. 20007 |

Telephone Number | (202) 263-4301 |

FAX Number | (202) 263-4329 |

E-mail Address | spandit@sgrlaw.com |

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.